UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAXWELL ELLIS,

                          Plaintiff,

   -v-                                                          6:10-CV-1574

SCOTT HOAG; SHAWN PLATT; RICHARD
GALLUPPI; JASON PAUL; KEVIN JAMES;
and CITY OF ROME, NEW YORK,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

OFFICE OF STEPHEN L. LOCKWOOD      DANIEL N. CAFRUNY, ESQ.
Attorneys for Plaintiff
285 Genesee Street
Utica, NY 13501

OFFICE OF THE CORPORATION             ANGELA M. TWOMEY, ESQ.
   COUNSEL–CITY OF ROME                  Ass't Corporation Counsel
Attorneys for Defendants
198 North Washington Street
Rome City Hall
Rome, NY 13440

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Plaintiff Maxwell Ellis ("plaintiff" or "Ellis") brought this action against the City of Rome, New York ("City") and City police officers Scott Hoag ("Officer Hoag"), Shawn Platt ("Officer Platt"), Richard Galluppi ("Officer Galluppi"), Jason Paul ("Officer Paul"), and Kevin James

("Officer James"), asserting claims for excessive force, false arrest, malicious prosecution, and race discrimination in violation of Title 42 of the United States Code, sections 1981, 1983, 1985, 1988, and the First, Fourth, Fifth and Fourteenth Amendments. Plaintiff also asserts state law claims for assault and battery, false imprisonment, and intentional infliction of emotional distress.

Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposed and withdraws claims against the officer defendants for false arrest, malicious prosecution, and state law false imprisonment. Ellis also withdraws all claims against the City. Oral argument was heard on February 24, 2012. Decision was reserved.

## II. BACKGROUND

The following facts are taken in the light most favorable to the non-moving party, i.e. plaintiff, as must be done on a motion for summary judgment. On January 13, 2010, Ellis was at the residence of his uncle, Michael Wright, at 310 Expense Street, Rome, New York. At approximately 5:30 p.m., a dispute arose inside the residence between plaintiff and his uncle. Plaintiff was then followed outside by his uncle who placed him in a headlock and then released him. Plaintiff left the residence and ran down the street away from the home to remove himself from the argument. At some point neighbors called City police who arrived on the scene shortly thereafter. Plaintiff heard yelling and commotion and ran back to the scene. Upon return, he witnessed his cousin Joseph Wright in a snowbank with a police officer on top of him. Plaintiff contends he approached his cousin who was handcuffed and lying face down in the snow and asked why he was being arrested. According to plaintiff, Officer Galluppi and/or Officer James then forcefully grabbed, pushed, and/or threw plaintiff face-first down to the concrete, causing him to chip his tooth and sustain cuts to his lip,

elbows, and knees.[1]  The defendants assert plaintiff approached the officers involved and interfered with Joseph Wright's arrest despite being told to back away.

Ellis was then arrested by Officer James and charged with violating New York Penal Law section 195.05, Obstructing Governmental Administration in the second degree, and section 240.20, Disorderly Conduct.  Following his arrest, he was prosecuted by the Oneida County District Attorney's Office.  On July 7 and 11, 2011, a criminal trial was held before Honorable Daniel C. Wilson in Rome City Court.  Plaintiff was convicted of both charges.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509–10 (1986).  All facts, inferences, and ambiguities must be viewed in a light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Initially, the burden is on the moving party to demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511.  A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; see also Jeffreys v. City of N.Y., 426 F.3d 549, 553 (2d Cir. 2005).  The non-moving party "must do more than simply show that there is

---

[1] Ellis has provided conflicting testimony regarding the identity of the officer who allegedly pushed him to the ground.

some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356. There must be sufficient evidence upon which a reasonable fact finder could return a verdict for the non-moving party. Liberty Lobby, Inc., 477 U.S. at 248–49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

## IV. DISCUSSION

### A. Excessive Force

Defendants argue the excessive force claim must be dismissed because Ellis's arrest and the force used was objectively reasonable under the circumstances. Plaintiff contends he was not acting in an aggressive, violent, or disorderly manner and maintains he was thrown to the ground without provocation.

The Fourth Amendment protects individuals from a law enforcement officer's use of excessive force during an arrest. See Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006). Courts must examine whether the use of force was objectively unreasonable in light of the facts and circumstances confronting the officers and should consider "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396–97, 109 S. Ct. 1865, 1872 (1989).

Again taking the facts in the light most favorable to plaintiff as must be done, he did not interfere with his cousin's arrest, posed no threat of safety to others, did nothing to provoke the officers or resist arrest, and was at least ten feet away from where his cousin was being arrested. He merely asked his cousin why he was being arrested. If true, it would have been objectively unreasonable for Officer Galluppi and/or Officer James to forcefully grab, push, and/or throw plaintiff face-first down to the concrete in the process of arresting

him. Because issues of material fact remain, summary judgment dismissing the excessive force claim against Officer Galluppi and Officer James will be denied.

### B. Failure to Intervene

Defendants contend Officer Hoag, Officer Platt, and Officer Paul must be dismissed because they were not personally involved in plaintiff's arrest. Ellis admits he had no physical contact with these officers but contends they failed to prevent Officer Galluppi and Officer James from harming him.

The personal involvement of a defendant is an essential element of a section 1983 claim. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). The personal involvement of police officers encompasses an "affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Noga v. Potenza, 221 F. Supp. 2d 345, 351 (N.D.N.Y. 2002) (Homer, M.J.) (quoting Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994)). To be held liable for failing to intercede, an officer must have a "realistic opportunity to intervene to prevent the harm." Id. Whether an officer had such an opportunity is usually an issue of fact for a jury, unless a reasonable jury could not possibly conclude otherwise. Anderson, 17 F.3d at 557. When the action is "sudden and brief," there is no realistic opportunity to intervene. See e.g., O'neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988); Tafari v. McCarthy, 714 F. Supp. 2d 317, 342 (N.D.N.Y. 2010) (Hurd, J.).

According to plaintiff, Officer Galluppi and Officer James were involved with assaulting and arresting him. Defendants contend the remaining officers were not involved with plaintiff and were dispersing a crowd of at least ten people. Neither party has submitted affidavits or depositions of the officers involved in the incident.

The video recording taken from Officer Hoag's police vehicle video camera[2] shows Ellis, wearing a maroon "Clinton" sweatshirt, walking up to the scene where an unidentified officer, presumably Officer James, is arresting plaintiff's cousin Joseph Wright. The view is partially blocked by a police vehicle parked along the sidewalk/road area. At approximately 17:41:23 in the recording, Officer Galluppi and his police canine are seen in the road, on the opposite side of the police vehicle from where Joseph Wright's arrest was taking place. As plaintiff approaches Officer James and Joseph Wright, who is now on the ground being arrested, Officer Galluppi walks around the police vehicle so that all four individuals are on the same side of the parked police vehicle.

At approximately 17:41:46, while Officer James is arresting Joseph Wright, it appears Officer Galluppi and Ellis engage in conversation. Plaintiff then attempts to more closely approach his cousin who is on the ground. At this time, approximately 17:41:57, either Officer Galluppi, or Officer Galluppi and Officer James, remove plaintiff from the area. The alleged assault and subsequent arrest is entirely blocked by the parked police vehicle. Throughout the preceding events, Officer Galluppi and Officer James are the only police officers visible. At 17:42:06, a third, unidentified male police officer approaches, along with several other civilians. At 17:42:13, a fourth, unidentified female police officer runs to assist. Neither party identifies these officers.

Ellis has not alleged that Officer Hoag, Officer Platt, or Officer Paul were in the immediate proximity of where he was allegedly assaulted and arrested. Nor has he alleged

---

[2] Plaintiff also submitted a recording from Officer Galluppi's police vehicle video camera but that video is not helpful to either plaintiff or defendants as the vehicle is parked facing the length of the street and does not show the incident. The recording also includes audio. While no voices are identified, plaintiff can be heard accusing the officers of breaking his tooth.

that any of these officers had a realistic opportunity to intervene to prevent the harm he contends was inflicted by Officer Galluppi and Officer James.  By plaintiff's own admission, the events in question took place very quickly.  The video evidence supports such an interpretation.  Approximately ten seconds elapsed between the time plaintiff approached his cousin and when the alleged assault took place.  Further, Officer Galluppi and Officer James are the only police officers that can be seen in the video recording in the immediate vicinity of plaintiff's arrest.  Based on the sudden and brief nature of the incident, and the fact that no other police officers were in the immediate proximity, there are no facts on which a reasonable jury could conclude that Officer Hoag, Officer Platt, or Officer Paul had sufficient time to intercede and were capable of preventing the harm allegedly inflicted by Officers Galluppi and/or Officer James.  Accordingly, defendants' motion will be granted and Officer Hoag, Officer Platt, and Officer Paul will be dismissed from this lawsuit.

## V.  CONCLUSION

Defendants' motion for summary judgment dismissing the excessive force claim against Officer Galluppi and Officer James will be denied because there are issues of material fact regarding whether the amount of force used in effecting plaintiff's arrest was objectively reasonable under the circumstances.  For this reason, plaintiff's state law assault and battery claim will also remain against these two defendants.  Defendants' motion for summary judgment dismissing the failure to intervene claim against Officer Hoag, Officer Platt, and Officer Paul will be granted because there are no facts upon which a reasonable jury could conclude that any of these officers had a realistic opportunity to intervene and prevent the alleged harm.

Ellis's race discrimination and state law intentional infliction of emotional distress claims remain unresolved. Defendants did not seek summary judgment dismissing these claims as part of its motion, and the dispositive motion deadline has expired. However, plaintiff has submitted no evidence demonstrating he is entitled to relief on either of these causes of action. To the contrary, he admits in his deposition that City police officers did nothing during the incident at issue to lead him to believe he was being treated a certain way because he is African-American. Nor can plaintiff maintain a claim for intentional infliction of emotional distress. Other than chipping his tooth and sustaining cuts to his lip, elbows, and knees, he suffered no other injuries and has not alleged any emotional damages. Therefore, the race discrimination and state law intentional infliction of emotional distress claims will be dismissed sua sponte.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED in part and DENIED in part;

(a) Summary judgment dismissing the excessive force and state law assault and battery claims against defendants Richard Galluppi and Kevin James is DENIED; and

(b) Summary judgment dismissing the failure to intervene claim against defendants Scott Hoag, Shawn Platt, and Jason Paul is GRANTED;

2. Plaintiff's malicious prosecution, false arrest, and false imprisonment claims against the officer defendants are DISMISSED on consent of the parties;

3. Plaintiff's claims against the City of Rome are DISMISSED on consent of the parties; and

   4. Plaintiff's race discrimination and intentional infliction of emotional distress claims are DISMISSED sua sponte.

   IT IS SO ORDERED.

_____
United States District Judge

Dated: February 28, 2012
        Utica, New York.